UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARY A. FRANKLIN, *et al.*,<br><br>　　　　　Defendant. | Civil No. 07cv1230-L(AJB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [doc. #29]** |

　　　　Plaintiff United States of America moves for summary judgment. [doc. #29] Its motion was set for hearing on March 16, 2009. Under the Civil Local Rules, defendant's response to the motion was due on or before February 2, 2009. *See* CIV. L.R. 7.1(e)(2). To date, defendant neither filed a response nor sought additional time in which to file a response to plaintiff's motions.

　　　　When an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Notwithstanding defendant Mary Franklin's failure to file an opposition, the Court will review the motion on the merits to determine whether any legal issue exists that would preclude the granting of plaintiff's motion for summary judgment.

/ / /

**A.    Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).  The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248.  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In this case, plaintiff moves for summary judgment on its own claims.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  If the movant meets its burden, the burden shifts to the nonmovant to show summary adjudication is not appropriate. *Celotex*, 477 U.S. at 317, 324.

**B.    Discussion**

The government bears the initial burden of proof in tax cases. *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983), cert. denied, 104 S. Ct. 1440 (1984).  By introducing into evidence its assessment of taxes due, the government satisfies this initial burden. *Id.*  Once the government satisfies its initial burden by introducing the assessment under section 6672, the taxpayer must show that she is not liable for the assessment. *Oliver v. United States*, 921 F.2d 916, 920 (9th Cir. 1990); *see also United States v. Molitor*, 337 F.2d 917, 922 (9th Cir.1964) ("if

[the taxpayer] had adduced no evidence contesting the prima facie proof arising from the assessment," the government would be entitled to judgment for the assessed amount).

Plaintiff has provided a separate statement of uncontroverted facts in support of its motion for summary judgment. Evidentiary citations are provided for each statement of uncontroverted facts. The Court incorporates below plaintiff's statement of uncontroverted facts:

1. Mary A. Franklin failed to file federal income tax returns (Form 1040) for the tax years 1993 and 1994. *See* Declaration of Karen Buhrow ("Buhrow Decl.") ¶¶ 4, 8, Exs. 1, 10, 11.

2. As a result, the IRS calculated Franklin's federal income tax liabilities for the 1993 and 1994 tax years based on information reported by third-parties, including Form 1099, and income reconstruction techniques based on figures compiled by the Bureau of Labor Statistics. *Id*. ¶ 4. Franklin admits that she received income from a rental property, the California state courts, and the Administrative Office of the United States Courts during the 1993 and 1994 tax years. *See* Declaration of Justin Kim, Ex. 1, Transcript, August 22, 2008; Deposition of Mary A. Franklin at 24:23-25:13.

3. On or about July 7, 1997 and June 5, 2006, the IRS made assessments for tax, interest, and penalties against Franklin for the 1993 and 1994 tax years. *See id.* ¶¶ 4, 8, Exs. 10-11.

4. Franklin filed federal income tax returns for the 1995, 1996, 1998, 1999, 2000, and 2004 tax years. *See* Buhrows Decl. ¶ 5, Exs. 2-7.

5. On or about October 12, 1998, the IRS assessed the tax liabilities reported on Ms. Franklin's 1995 return and applicable interest and penalties. *See id.* ¶¶ 6, 8, Ex. 12. On March 20, 2000, the IRS assessed the tax liabilities reported on Ms. Franklin's 1996 return and applicable interest and penalties. *See id.* ¶¶ 6, 8, Ex. 13. On April 19, 2004, the IRS assessed the tax liabilities reported on Ms. Franklin's 1998 return and applicable interest and penalties. *See id*. ¶¶ 6, 8, Ex. 14. For each of these periods, the IRS accepted the income, deductions, credits, and other amounts reported and used by Ms. Franklin to

calculate her tax liabilities. *See id.* ¶ 6.

6. Franklin's 1999, 2000, and 2004 tax returns were selected for examination by the IRS. As a result of the IRS examination, several deductions claimed by Ms. Franklin were disallowed and additional taxes were assessed beyond those liabilities reported on her tax returns. *See id.* ¶¶ 7-8, Exs. 8, 9.

7. On or about April 19, 2004 and August 21, 2006, the IRS made assessments for tax, interest, and penalties against Ms. Franklin for the 1999 tax year. *See id.* ¶¶ 7-8, Ex. 15. On or about April 17, 2006, the IRS made assessments for tax, interest, and penalties against Ms. Franklin for the 2000 tax year. *See id*. ¶¶ 7-8, Ex. 16. On or about May 30, 2005 and August 21, 2006, the IRS made assessments for tax, interest, and penalties against Ms. Franklin for the 2004 tax year. *See id*. ¶¶ 7-8, Ex. 17. For each of these periods, the IRS made additional assessments for tax beyond the liabilities reported on Franklin's tax returns after examination of these returns. *See id*. ¶¶ 7-8, Exs. 8, 9.

8. The United States has given proper notice and made demand for payment of the assessments against Franklin for the 1993, 1994, 1995, 1996, 1998, 1999, 2000, and 2004 tax years. *See id*. ¶ 8, Exs. 10-17.

9. Despite proper notice and demand for payment, Franklin has not paid in full the assessments for the 1993, 1994, 1995, 1996, 1998, 1999, 2000, 2004 tax years, and the balance due is **$186,199.28**, including accrued interest, penalties, and other applicable statutory additions as of April 30, 2008. *See id*. ¶¶ 10-18, Exs. 18-25.

10. Mary A. Franklin holds title to the real property subject to foreclosure in this action, located at 1611 Coronado Avenue, Spring Valley, California 91977 ("the Subject Property"), and legally described as follows:

> The North half of Lot 2 and all of Lot 3 in Block 43 of San Diego Villa Heights, according to Map thereof No. 1317, filed in the office of the County Recorder of San Diego County, February 21, 1911.

*See* Compl. ¶ 11; Answer, ¶ 11.

11. Under 26 U.S.C. § 6321, federal tax liens arising from the tax assessments for the 1993, 1994, 1995, 1996, 1998, 1999, 2000, and 2004 tax years have attached to the

property and the rights to property belonging to Franklin, including the Subject Property.

**C.     Conclusion**

Here, the government has satisfied its initial burden by introducing the assessments.  As noted above, plaintiff has not responded to the government's motion for summary judgment and therefore, defendant has made no showing that she is not liable for the assessment.

The Court concludes, based on the foregoing undisputed facts and the relevant law, that plaintiff is entitled to summary judgment in this action.  Accordingly, **IT IS ORDERED** granting plaintiff's motion for summary judgment. [doc. #29]  **IT IS FURTHER ORDERED** that plaintiff shall submit directly to the chambers of the undersigned a proposed form of judgment within seven days of the filing of this Order.   Plaintiff shall provide a copy of the proposed form of judgment to defendant and all interested parties for approval as to form.

**IT IS SO ORDERED.**

DATED: April 14, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL